**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GLORIA S.,[1]** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 22-cv-05427** |
| **v.** | ) | |
| | ) | **Honorable Beth W. Jantz** |
| **MARTIN J. O'MALLEY,** | ) | |
| **Acting Commissioner of Social Security,[2]** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Gloria S.'s, application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's final decision (dkt. 1; dkt. 13; dkt 22) is denied and the Commissioner's Motion for Summary Judgment (dkt. 18) is granted. The Commissioner's decision is affirmed.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for his predecessor.

## BACKGROUND

### I.     Procedural History

On December 9, 2019, Plaintiff applied for SSI and DIB, alleging disability since May 10, 2019, for physical and mental disabilities. R. 243-53. The claim was denied initially on March 31, 2020, and upon reconsideration on August 6, 2021. R. 105-43, 156-63. A hearing before an Administrative Law Judge ("ALJ") was held on December 22, 2021. R. 41-86. Plaintiff and a vocational expert ("VE") testified at the hearing. *Id.* Plaintiff's claim was denied by the ALJ on January 27, 2022. R. 12-40. On August 2, 2022, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. R. 1-6.

### II.    The ALJ's Decision

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. R. 17-34. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date of May 10, 2019. R. 17. At step two, the ALJ concluded that Plaintiff had the following severe impairments: generalized anxiety disorder; dysthymic disorder; and major depressive disorder with psychosis. R. 17-19. The ALJ found that Plaintiff did not have any severe physical impairments. *Id.* The ALJ concluded at step three that her impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. R. 19-21. Before step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine tasks involving simple work-related decisions not requiring a fast production rate pace; no more than incidental interaction with the public; and no tasks requiring collaboration with coworkers (i.e., team tasks). R. 21-33. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 33. At step five, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff could perform, considering her age, education, work experience and RFC. R. 33-34. This led to the ALJ finding that Plaintiff was not disabled under the Social Security Act. R. 34.

## DISCUSSION

### I.      Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any SGA during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.  20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).  "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council did not review the ALJ's decision, it became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at 351). Even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## II.    Analysis

In her opening brief (dkt. 13), Plaintiff sets forth several broad reasons that the Commissioner's decision should be reversed and remanded in a section titled, "Allegation of Error." *Id.* at 1-2. Specifically, Plaintiff states that: the decision to deny benefits was not supported by substantial evidence; the record establishes that Plaintiff met the requirements for disability benefits; the ALJ abused her discretion; the denial of benefits is contrary to the facts presented at the hearing; and the denial of benefits is contrary to the law. *Id.* However, Plaintiff, who was represented by counsel in this Court, does not expand on these alleged errors, nor does she tie any particular argument or evidence to each of her arguments in a clear way. Further, Plaintiff provides no caselaw authority in her opening brief (dkt. 13) and very limited authority in her reply brief (dkt. 22-1). Courts in this District have held that cursory arguments without supportive authority are deemed waived. *See, e.g., Nicole Marie P. v. Kijakazi*, No. 22 C 835, 2023 WL 2711751, at *2 (N.D. Ill. Mar. 30, 2023); *Juanita H. v. Kijakazi*, No. 19 C 1585, 2021 WL 3054814, at *6 (N.D. Ill. July 20, 2021); *Heather M. v. Berryhill*, 384 F. Supp. 3d 928, 934 (N.D. Ill. 2019). Even so, the Court will address Plaintiff's undeveloped arguments the best it can, but ultimately finds that the ALJ's decision was supported by substantial evidence.

From what the Court can discern, Plaintiff's overarching argument appears to be that the ALJ erred in her determination because the evidence was overwhelmingly clear that Plaintiff was disabled under the Social Security Act due to her mental impairments. Dkt. 13 at 4-6; dkt. 22-1 at

1-3. Plaintiff first argues that the ALJ accepted evidence she should not have accepted, while discrediting evidence she should have credited. Dkt. 13 at 4-6; dkt. 22-1 at 2-3. Particularly, Plaintiff suggests that the ALJ impermissibly gave credit to Plaintiff's own reports about her education, her ability to manage herself, her anxiety, and her ability to participate in activities of daily living ("ADLs"), and other pieces of evidence, like normal treatment notes. Dkt. 13 at 4-6; dkt. 22-1 at 2-3. On the flip side, Plaintiff argues that the ALJ should have relied on the testimony of her sister, which contradicted some of Plaintiff's own reports, along with other evidence of Plaintiff's mental health history and symptoms. Dkt. 13 at 4-6; dkt. 22-1 at 2-3. Plaintiff also generally asserts that the record is incompatible with the conclusion that she can do light or medium work. Dkt. 13 at 5.

Plaintiff's argument is essentially an impermissible request for the Court to come to its own conclusions about the credibility of witnesses, the weight of evidence, Plaintiff's limitations, and ultimately, about whether she was disabled under the Social Security Act. *See, e.g., Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.") (internal quotation marks and citation omitted). Plaintiff points to evidence that appears favorable to her claim and asks the Court to accept it over evidence that appears less favorable to her claim. Dkt. 13 at 4-6. But she does not point to any specific or reviewable error that the ALJ made. *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021) ("She has not shown any reason to think the ALJ's summary or determinations are not supported by substantial evidence."). Though Plaintiff takes issue with the ALJ's assessment, the ALJ sufficiently considered the evidence and provided several reasons why she reached her determination, including that Plaintiff: had denied any history of mental health symptoms; was discharged from treatment after meeting all of her goals; was reported stable; had positive mental status exams; reported getting along with others; and participated in many activities, such as volunteer work and church. R. 27-29. The ALJ also discussed evidence that favored Plaintiff (including her mildly obsessive ideas, ruminative ideation, limited insight, that she was frustrated, worried, overwhelmed, and irritable) and relied on such evidence when she limited Plaintiff's nonexertional abilities. R. 29. The ALJ further sufficiently explained that she discounted Plaintiff's sister's testimony because it was inconsistent with treatment notes that indicated Plaintiff could care for herself and with Plaintiff's own reports. R. 30-31. The Court can trace the ALJ's rationale and "this is not a case where an ALJ ignored

evidence contrary to [her] conclusion." *Gedatus*, 994 F.3d at 901. The Court cannot just substitute the ALJ's assessment with its own where the ALJ built an accurate and logical bridge between the evidence and the conclusion. *See Joshuah R. W. v. Kijakazi*, No. 21 C 4124, 2023 WL 6290544, at *5 (N.D. Ill. Sept. 27, 2023) ("This Court is not free to replace the ALJ's estimate of the medical evidence with its own…The ALJ built an accurate and logical bridge from the evidence to his conclusion…and the Court will not reweigh the evidence to reach a different outcome.") (internal quotation marks and citations omitted).

Plaintiff also devotes two sentences in each of her briefs to argue that the ALJ erred by using boilerplate language. Dkt. 13 at 5-6; dkt. 22-1 at 2-3. Specifically, Plaintiff takes issue with the ALJ's assertion that, "[t]he [Plaintiff's] statements about the intensity, persistence, and limiting effects of her symptoms are not consistent with the objective medical evidence, the course of medical treatment or her activities and demonstrated capabilities." *Id.*; r. 27. Indeed, this language has been described as "meaningless" by Courts in the 7th Circuit because it fails to connect objective evidence to conclusions. *See, e.g.*, *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013). "However, the simple fact that an ALJ used boilerplate language does not automatically undermine or discredit the ALJ's ultimate conclusion if [she] otherwise points to information that justifies [her] credibility determination." *Id.* at 367-68. A credibility finding will only be overturned if "patently wrong," or in other words, where the finding is based on "an observation or argument that is unreasonable or unsupported." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (internal quotation marks and citation omitted). Here, there is no indication that the ALJ's credibility determination was unreasonable or unsupported, even though she did use boilerplate language as part of her written decision. As explained above, the ALJ sufficiently discussed the evidence in coming to her conclusions and thus the Court declines to overturn the ALJ's credibility determination as it is not patently wrong. *See, e.g., Pepper*, 712 F.3d at 367 (declining to overturn the ALJ's credibility determination where similar boilerplate language was used because the ALJ also offered sufficient explanation so that one could reasonably understand the conclusion).

Plaintiff makes another limited argument that there was "potential bias" in the decision because the ALJ referenced treatment notes that indicated that Plaintiff was looking for assistance applying for disability and other benefits, and that she had denied ever having mental health symptoms. Dkt. 13 at 5-6; r. 27 (citing r. 518, 569, 573). Plaintiff states, "The [ALJ] apparently thinks that for a person such as the Plaintiff, seeking benefits that one could be entitled to based

on physical and mental disabilities and based on limited income is inappropriate." Dkt. 13 at 6. Without any further argument or evidence, the Court cannot understand how the ALJ referencing the contents of medical records displays bias. The ALJ engaged with evidence that both favored and disfavored Plaintiff's claim throughout the opinion. R. 21-33. The Court has not been presented with any evidence that the ALJ's decision was based on anything impermissible and Plaintiff has not met the heavy burden to show that bias was present in the decision. *See Trosper v. Saul*, No. 19-CV-50092, 2021 WL 1853315, at *2 (N.D. Ill. May 10, 2021) (holding that the plaintiff did not meet the heavy burden of establishing judicial bias where she presented no evidence that the ALJ based her decision on anything other than the statutory criteria and medical record).

Finally, Plaintiff raises two additional arguments for the first time in her reply brief (dkt. 22-1). Arguments raised for the first time in a reply brief are waived. *See Cadeau v. O'Malley*, No. 23-1887, 2024 WL 260746, at *1 (7th Cir. Jan. 24, 2024). But even if the arguments were not waived, they are both meritless and undeveloped. First, Plaintiff argues that the ALJ's determination that Plaintiff can perform medium work was based on flawed testimony, because the VE stated that a person who could no longer work in Plaintiff's past jobs, which are defined as light work, could still perform medium work. *Id.* at 3 (citing R. 78-79; *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018)). It is true that there is no substantial evidence where a finding is based on unreliable VE testimony. *See Chavez*, 895 F.3d at 968. But it is difficult for the Court to understand Plaintiff's undeveloped argument, as she fails to point to any actual flaw in the VE's testimony. The VE never testified that an individual with Plaintiff's RFC could not perform *any* light or medium work, only that such an individual could not perform Plaintiff's specific past work but could perform other light and medium work. R. 77-82. For example, the VE testified that Plaintiff would be precluded from her past work as an assembler (light work per DOT 794.687-010) because of a fast production rate limitation, but that she could still work as a laundry worker (medium work per DOT 361.685-018), janitor (medium work per DOT 381.687-018), or stores laborer (medium work per DOT 922.687-058), which are moderate self-paced positions. *Id.* The reason the VE concluded that Plaintiff could not perform her past work, but could perform these jobs, is the production rate, not the level of work. *Id.* Plaintiff has pointed to no error in the VE's testimony, and the Court has no reason to think it unreliable.

Second, Plaintiff argues for the first time in her reply brief (dkt. 22-1) that the ALJ erred by ignoring evidence that Plaintiff required a lifting limitation. *Id.* at 3. Plaintiff points to two pieces of evidence about her lifting ability: her own testimony and her sister's testimony. *Id.*; r. 63-64, 67-68. However, the ALJ sufficiently explained how she determined the RFC, and as explained above, and the Court cannot make its own conclusions about credibility. *See Burmester*, 920 F.3d at 510. The ALJ supported the RFC when she discussed Plaintiff's alleged general physical limitations at length and pointed to several medical records that showed normal strength, tone, and movement in all of Plaintiff's extremities. R. 19, 29, 31 (citing r. 479, 816, 831, 1130). A reasonable mind could accept the ALJ's analysis as adequate to support an RFC with no lifting limitations and thus there is substantial evidence. *See Biestek*, 139 S. Ct. at 1154 ("[Substantial evidence] means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citations omitted).

In conclusion, Plaintiff takes issue with the ALJ's assessment of the evidence and the final determination that she was not disabled under the Social Security Act, but Plaintiff's argument is essentially a request for the Court to reweigh the evidence and substitute its own judgment for that of the ALJ's. The Court is not permitted to do this. *See Long v. Berryhill*, No. 16 CV 50060, 2017 WL 1427063, at *7 (N.D. Ill. Apr. 21, 2017) ("In her two briefs, plaintiff has raised criticisms and counter-arguments about specific conclusions the ALJ made, but the plaintiff has not pointed to any error in the process used by the ALJ to reach the decision, nor has plaintiff identified any lines of evidence that were ignored. Plaintiff's arguments focus instead on the weight that should be given to various pieces of evidence…Ultimately then, plaintiff's case for a remand boils down to a generalized plea for this Court to merely reweigh [the] evidence and then substitute [its] judgement for the ALJ's…This is not a role this Court is permitted to play.") (internal quotation marks and citation omitted).

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's final decision (dkt. 1; dkt. 13; dkt 22) is denied and the Commissioner's Motion for Summary Judgment (dkt. 18) is granted. The Commissioner's decision is affirmed.

**SO ORDERED.**

Date:  March 25, 2024

_____

BETH W. JANTZ

United States Magistrate Judge